**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

POLYGON US CORPORATION,

    Plaintiff,

    v.

DIVERSIFIED INFORMATION
TECHNOLOGIES f/k/a DIVERSIFIED
RECORDS SERVICES, INC.,

    Defendants.

CIVIL ACTION NO. 3:CV-12-0923

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is Defendant Diversified Information Technologies f/k/a Diversified Records Services, Inc.'s ("Diversified") Motion to Dismiss the Amended Complaint (Doc. 8) filed by Plaintiff Polygon US Corporation ("Polygon"). Polygon commenced this action alleging breach of contract, violations of Pennsylvania's Contractor and Subcontractor Payment Act ("CASPA"), 73 Pa. Stat. Ann. §§ 501, *et seq.*, unjust enrichment, and quantum meruit arising out of work performed by Polygon at two Diversified-owned properties. Diversified has moved to dismiss the CASPA claims for failure to state a claim upon which relief can be granted. Additionally, Diversified seeks dismissal of the Amended Complaint because Polygon failed to join an indispensable party, Affiliated FM. Because Polygon sufficiently alleges its CASPA claims and Affiliated FM is not an indispensable party to this action, Diversified's motion to dismiss will be denied.

### **I. Background**

The facts as alleged in the Amended Complaint are as follows:

Polygon, a Delaware corporation with its principal place of business in Massachusetts, supplies the material, labor, and equipment necessary to perform, among other things, drying of residential, commercial, and industrial structures and of the contents and records within those structures. (*Am. Compl.*, ¶¶ 1, 5.) Polygon supplied the material,

labor, and equipment necessary to perform drying and dehumidification at two Diversified properties located in West Pittston, Pennsylvania: the "Delaware Property" and the "Linden Property". (*Id*. at ¶ 6.) Additionally, Polygon performed drying of contents and records located in the Delaware Property. (*Id*.)

In or about September 2011, Diversified contacted Polygon to provide all equipment, labor, and materials necessary to perform structural drying at the Delaware Property and to perform packing, removal, drying, reboxing, storage, and delivery of documents within the Delaware Property. Quotes for the work, purchase orders, and change orders resulted in the formation of the "Delaware Contract." (*Id*. at ¶ 7.) Work on the Delaware Property was performed from September 2011 through and including January 2012. (*Id*. at ¶ 8.) Polygon ultimately invoiced Diversified $1,155,457.55 for the work. (*Id*. at ¶ 9.) Despite demand, Diversified has only paid Polygon $445,000.00 to date. (*Id*. at ¶¶ 10-11.)

In October 2011, Diversified contacted Polygon to provide all equipment, labor, and materials necessary to perform strucutral drying at the Linden Property. (*Id*. at ¶ 14.) The work was performed pursuant to the "Linden Contract." (*Id*.) The work on the Linden Property was performed in October 2011. (*Id*. at ¶ 15.) On November 11, 2011, Polygon provided Diversified with an invoice for $119,858.72 for the work at the Linden Property. (*Id*. at ¶ 16.) Despite demand, Diversified has refused to pay the invoiced amount. (*Id*. at ¶ 19.)

Polygon further alleges that it performed all work in a good and workmanlike manner. (*Id*. at ¶ 21.) Additionally, all conditions precedent to Polygon's right to payment have been satisfied. (*Id*. at ¶ 22.) Because it did not receive full payment, Plaintiff commenced this action alleging breach of contract, violations of CASPA, unjust enrichment, and quantum meruit. (*Id*.)

On June 19, 2012, Diversified filed the instant motion to dismiss the Amended Complaint. (Doc. 8.) Diversified argues that Plaintiff fails to state claims under CASPA

because: (1) the "pack out" was not an improvement to the building under the definitions of CASPA; (2) the rental of dehumidification equipment is not covered by CASPA, and (3) no valid, signed contract has been produced by Polygon. (Doc. 9.) Diversified also argues that this action should be dismissed because Polygon failed to join an indispensable party to this action. Diversified's motion to dismiss has now been fully briefed and is ripe for disposition.

## II. Discussion

**A.** **Legal Standards**

### 1. Motion to Dismiss Pursuant to 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by

3

alleging sufficient facts. *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).  As such, "[t]he touchstone of the pleading standard is plausability."  *Bistrian v. Levi*, - - - F.3d - - - , 2012 WL 4335958, at *8 (3d Cir. Sept. 24, 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1949.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the

4

motion to dismiss. *Id*. The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

    **2.**    **Motion to Dismiss Pursuant to 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a complaint for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Thus, Rule 19 specifies the circumstances "in which the joinder of a particular party is compulsory." *Cummings v. Allstate Ins. Co.*, no. 11-02691, 2011 WL 6779321, at *3 (E.D. Pa. Dec. 27, 2011) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)). Compulsory joinder is an exception to the general rule that the plaintiff has the right to choose whom to sue. *See* 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.). Rule 19 promulgates the considerations a court must undertake to properly ascertain whether a party's joinder is necessary, and empowers the court to order such action be taken if feasible. *See* Fed. R. Civ. P. 19; *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 107, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968); *Shetter v. Amerada Hess Corp.*, 14 F.3d 934, 938 (3d Cir. 1994).[1]

---

[1]    Rule 19 states in material part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

5

Federal Rules of Civil Procedure 12(b)(7) and 19, acting in conjunction, allow a court to dismiss a case for failure to join a party in whose absence the court cannot accord complete relief, or whose interest in the dispute is of such a nature that to proceed without their presence could prejudice that party or others. *See* Fed. R. Civ. P. 12(b)(7) and 19. The moving party bears the burden to show that dismissal is proper. *Disabled in Action v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011).

The analysis under Rule 19 requires a court to first determine whether the absent party should be joined as a "necessary" party under Rule 19(a). *See Gen. Refractories Co.*, 500 F.3d at 312. "If a party should be joined but joinder is not feasible . . . , the court must determine whether the absent party is indispensable under Rule 19(b)." *Cummings*, 2011 WL 6779321, at *3 (citing *Altman v. Liberty Helicopters*, no. 10-545, 2010 WL 2998467, at *2 (E.D. Pa. July 29, 2010)). "If the party is indispensable, then the action cannot go forward." *Id*.

As with a motion to dismiss pursuant to Rule 12(b)(6), a court reviewing a 12(b)(7) motion must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See id*. at *3 (citing *Pittsburgh Logistisics Sys., Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009)). However, a court deciding a Rule 12(b)(7) motion "may consider 'relevant, extra-pleading evidence' when ruling on a rule 12(b)(7) motion." *Id*. at *3 (quoting *Citizen Band Potawatomi Indian Tribe of OK v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

**B.    Polygon adequately states its CASPA claims.**

CASPA, 73 Pa. Stat. Ann. §§ 501, *et seq*., provides that "[p]erformance by a contractor or a subcontractor in accordance with the provisions of a contract shall entitle the contractor or subcontractor to payment from the party with whom the contractor or subcontractor has contracted." 73 Pa. Stat. Ann. § 504. The Act applies "to construction contracts executed on or after the effective date of this act." 73 Pa. Stat. Ann. § 515. A

6

"construction contract" is "[a]n agreement, whether written or oral, to perform work on any real property located within this Commonwealth." 73 Pa. Stat. Ann. § 502. "Real property" is defined as "[r]eal estate that is improved, including lands, leaseholds, tenements and hereditaments, and improvements placed thereon." *Id*. To "improve" means "[t]o design, effect, alter, provide professional or skilled services, repair or demolish any improvement upon, . . . or to perform any labor upon improvements." *Id*. Lastly, an "improvement" means, in relevant part, "[a]ll or any part of a building or structure." *Id*.

In seeking dismissal of Polygon's CASPA claims, Diversified agues: (1) the "pack out"- the removal of inventory from the building- was not an improvement to the building under CASPA;[2] (2) the rental of dehumidification equipment is not covered by CASPA; and (3) no valid, signed contract has been produced by Polygon. Accordingly, Diversified asserts that Polygon has failed to state a claim under CASPA.

In opposition, Polygon claims that, for purposes of a motion to dismiss, they have sufficiently articulated all necessary elements to state claims under CASPA. First, they argue that the Linden and Delaware Properties are "real property" under the terms of CASPA. Second, Polygon insists that Diversified misconstrues its allegations as to improvements to Diversified's properties. According to Polygon, the labor provided to dry Diversified's properties constitute work to an improvement pursuant to the statute. Lastly, Polygon argues that the services it provided to Diversified were not simply the lease of dehumidification equipment, but that Polygon also provided skilled labor services to dry Diversified's properties.

Diversified's motion to dismiss the CASPA claims will be denied. Here, Polygon sufficiently alleges that it performed work in accordance with the terms of two construction contracts- the Delaware and Linden contracts. (*Am. Compl.*, ¶¶ 7, 14, 21.) Moreover, Polygon adequately alleges that it improved an improvement to real property, as it claims

---

[2] Polygon, however, "does not seek CASPA relief for this pack-out work." (Doc. 12.)

that it "supplied the material, labor, and equipment necessary to perform, among other things, drying of residential, commercial, and industrial structures . . . ." (*Id.* at ¶ 5, 6.) Pennsylvania courts have recognized that CASPA "is broadly written" and covers a wide variety of work, such as interior cosmetic painting. *See Richardson v. Sherman*, 26 Pa. D. & C.4th 193, 194 (Pa. Ct. Com. Pl. Allegheny Cnty. 1996). Thus, Polygon has adequately alleged that its drying and dehumidification services qualify as work covered by CASPA. Lastly, Diversified's position that Polygon only rented equipment to Diversified and did not perform any physical drying services is rebutted by the allegations in the Second Amended Complaint, which alleges that Polygon was contracted to provide all "labor" necessary to perform structural drying at the Delaware and Linden Properties. (*Am. Compl.*, ¶¶ 5-7, 14.)[3] Accordingly, the CASPA claims are sufficiently pled to withstand Diversified's motion to dismiss.

**C.  Affiliated FM is not an indispensable party.**

Alternatively, Diversified asserts that the Amended Complaint should be dismissed in its entirety for failure to join an indispensable party. According to Diversified, Affiliated FM, Diversified's insurer, has an interest in this matter that will be compromised if it is not a party to this litigation. Diversified further contends that in early 2012, it made an insurance claim with Affiliated FM, but the claim was denied due to lack of documentation by Polygon. As such, "should Polygon be awarded damages under this alleged contract, Diversified will be forced to bring a suit against Affiliated FM for a bad faith denial of its insurance claim." (Doc. 11.)

In opposition, Polygon asserts that it has no contractual or legal relationship with

---

[3]  *Reco Equip., Inc. v. John T. Subrick Contracting, Inc.*, 780 A.2d 684, 687 (Pa. Super. 2001) does not compel a different result. In *Reco Equip.*, the appellee "merely agreed to lease a piece of equipment at a certain monthly rate," and "did not enter into an agreement to perform work on real property." *Id.* Here, however, Polygon contracted to provide the labor or services with respect to the drying and dehumidification of Diversified's properties. *Reco Equip.*, therefore, does not mandate dismissal of Polygon's CASPA claims on the instant motion to dismiss.

Affiliated FM with respect to the instant action. Polygon therefore contends that judgment in its favor will not prejudice Diversified's right to pursue any claims against its insurer. I agree. Affiliated FM is not necessary to this action. As alleged by Polygon, it has no relationship with Affiliated FM with respect to the instant action. As such, a favorable judgment for Polygon will not prejudice Affiliated FM's ability to protect its interest, nor will it prejudice Diversified's right to pursue a claim against its insurer. Thus, this litigation will not expose Affiliated FM to multiple or inconsistent judgments because of its absence. Diversified's motion to dismiss for failure to join an indispensable party will therefore be denied.

### III. Conclusion

For the above stated reasons, Diversified' motion to dismiss the Amended Complaint will be denied in its entirety.

An appropriate order follows.

October 31, 2012  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge